IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**MARCUS DWAYNE PARHAM,**

    **Petitioner,**

v.                                          **Case No. 5:17-cv-02016**

**B.J. MEEKS, WARDEN,**[1]

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner's pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **TRANSER** Petitioner's Motion to the

---

[1] Petitioner was incarcerated in Federal Correctional Institution Beckley ("FCI Beckley") in Beaver, West Virginia when he filed the instant petition, and he correctly named as respondent David Young, the warden at that facility. Since that time, Petitioner has been transferred to Federal Correctional Institution Williamsburg ("FCI Williamsburg") in Salters, South Carolina where he is presently in custody. *See* BOP inmate locator at www.bop.gov/inmateloc/. Pursuant to Federal Rule of Civil Procedure 25(d), B.J. Meeks, warden of FCI Williamsburg, will be substituted as respondent in this case. Further, despite the fact that petitioner is no longer in custody in the Southern District of West Virginia, the court retains jurisdiction over this matter. "Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (citing *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir.1990)).

1

United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 1631 and 28 U.S.C.A. § 2255(h), and **DISMISS** this action from the docket of the Court.

## I.     Relevant Background

In September 2009, Petitioner entered a guilty plea admitting to: conspiracy to distribute, and to possession with intent to distribute, cocaine and crack cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C) ("Count One"); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c) and section 2 ("Count Three"); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count Five"). *United States v. Parham*, Case No. 5:08-cr-00051-FDW-DCK-2 (W.D.N.C. Sept. 7, 2010) at ECF No. 85. He was sentenced to a total of 300 months in prison with 10 years of supervised release. *Id.* at ECF No. 70.

In May 2011, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *Parham v. United States,* Case No. 5:11-cv-00063-RLV (W.D.N.C. May 19, 2011) at ECF No. 1. He argued that his attorney provided ineffective assistance of counsel and "rushed" him into the plea agreement. He also protested an allegedly illegal search and seizure of evidence and a failure on the part of the District Judge to suppress the illegally seized evidence. *Id.* The District Court dismissed Petitioner's § 2255 motion, finding that his counsel was not ineffective and that Petitioner's statements about the plea agreement were contradicted by his testimony at the plea hearing held on September 22, 2009. *Id.* at ECF No. 2. The District Court further held that Petitioner's claims relating to the purportedly illegal search and seizure were both waived by his plea agreement and procedurally barred by his failure to raise them on direct appeal. *Id.* The Fourth Circuit denied Petitioner's appeal of the

District Court's dismissal in an unpublished opinion issued on December 20, 2011. *United States v. Parham*, 458 F. App'x 279 (4th Cir. 2011). The United States Supreme Court subsequently declined to issue a writ of certiorari. *Parham v. United States*, 566 U.S. 950 (2012).

Thereafter, Petitioner filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) in the United States District Court for the Western District of North Carolina, which the District Court denied in July 2012. *Parham*, 5:08-cr-00051-FDW-DCK-2 at ECF No. 95. The District Court found that Petitioner's classification as a career offender and armed career criminal mitigated against reducing his sentence. *Id.* The Fourth Circuit again dismissed Petitioner's appeal of the District Court's decision. *Id.* at ECF No. 104.

In February 2013, Petitioner filed a second § 2255 motion in the United States District Court for the Western District of North Carolina. *Id.* at ECF No. 105. Petitioner asserted that the Supreme Court decision in *Dorsey v. United States* established that he was entitled to resentencing under the newly-passed Fair Sentencing Act. *Id.* The District Court dismissed Petitioner's motion as an unauthorized successive § 2255 motion, noting that Petitioner had not secured the necessary authorization from the Fourth Circuit to proceed with a second § 2255 motion. *Parham v. United States,* No. 5:08-CR-00051-RLV*,* 2013 WL 3466989, at *2 (W.D.N.C. July 10, 2013). The District Court also stated that Petitioner could have raised his FSA claim prior to sentencing, in order to preserve it for appeal, and failed to do so. *Id.* The Fourth Circuit dismissed Petitioner's appeal on August 25, 2014. *United States v. Parham*, 582 F. App'x 184 (4th Cir. 2014).

On December 7, 2015, the United States District Court for the Western District

3

of North Carolina dismissed Petitioner's second motion under 18 U.S.C. § 3582(c)(2) requesting a reduction of sentence. *Parham*, 5:08-cr-00051-FDW-DCK-2 at ECF No. 139. In January 2016, Petitioner sent a *pro se* letter to the North Carolina District Court stating that he believed the recent Supreme Court decision in *Johnson v. United States* applied to his sentence. *Id.* at ECF No. 140. Petitioner requested that the Court appoint a lawyer to help him investigate the matter. *Id.* It does not appear from the Court's docket that any further action was taken on the *pro se* letter. However, in November 2017, Petitioner filed a third motion seeking a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). *Id.* at ECF No. 141.

In March 2017, Petitioner filed the instant § 2241 Petition in this Court. (ECF. No. 1). Petitioner argues that the recent Supreme Court decision in *Mathis v. United States* eliminates one of the predicate offenses used to form the basis of his sentence enhancement under the Armed Career Criminal Act ("ACCA"). (ECF. No. 2 at 1). In *Mathis v. United States*, the Supreme Court held that where a criminal statute enumerates various alternative factual means of satisfying a single element, a prior conviction for that crime cannot qualify as the generic form of a predicate violent felony offense listed in the ACCA if one or more of the factual means listed is broader than the element of the generic offense allows. 136 S. Ct. 2243, 2251 (2016).

Petitioner contends that this ruling serves to invalidate one of the predicate offenses used to enhance his sentence on count five of his conviction under the ACCA. (ECF No. 2 at 2). Petitioner states that he was found to be an armed career criminal pursuant to 18 U.S.C. § 924(e), resulting in an enhanced sentence. (*Id.*). He argues that his prior conviction for third-degree murder in Pennsylvania can no longer serve as one of the predicate felonies for his ACCA enhancement after the *Mathis* decision. (*Id.*).

Petitioner first asserts that under Pennsylvania law, third-degree murder is a "catch all" provision designed to cover all killings not otherwise defined. As such, it requires only that a *mens rea* of recklessness be proven for conviction. (*Id.* at 3). Petitioner proceeds to cite to cases which purportedly establish that the relevant conduct for conviction must have at least an intentional or knowing *mens rea* to qualify as a categorically violent felony under the use of force clause of the ACCA. (*Id.* at 3-4). Petitioner's argument is that post-*Mathis*, Pennsylvania's third-degree murder statute can no longer form the basis for an ACCA violent felony as there are alternative factual means of completing the crime, specifically with a *mens rea* of recklessness, that are broader than the generic definition of the offense. (ECF No. 2 at 4).

## II. Discussion

### A. Petition as a § 2241 Motion

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his sentence, not its execution. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas corpus pursuant to § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is

5

> authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The Fourth Circuit has recently clarified what a petitioner must show to trigger the savings clause when challenging the validity of his sentence. The petitioner must establish: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The Fourth Circuit in *Wheeler* held that the savings clause requirements are jurisdictional rather than procedural, and thus if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426.

Here, Petitioner cannot meet the second requirement established by *Wheeler*. This Court has previously held that *Mathis*, the case relied on by Petitioner, did not establish a retroactively applicable substantive change in the law. *Fisher v. Rickard*, No. 1:17-CV-03730, 2018 WL 1405324, at *4 (S.D.W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018) ("*Mathis* is a purely procedural rule that has not been made retroactive on collateral review."). This Court is not alone in finding that the *Mathis* decision cannot form the basis for a § 2241 petition seeking to meet the requirements of the savings clause. "Finally, Petitioner's reliance on *Mathis* . . . is misplaced, because *Mathis* does

6

not announce a new rule of law and is irrelevant to the determination of whether Petitioner can assert his claims under § 2241." *McMullin v. Saad*, No. 1:16-CV-227, 2018 WL 844452, at *5 (N.D.W. Va. Jan. 11, 2018), report and recommendation adopted, No. 1:16-CV-227, 2018 WL 839391 (N.D.W. Va. Feb. 12, 2018); *see also Landrum v. Warden*, FCI Estill, No. CV 5:17-2325-BHH, 2018 WL 3751420, at *2 (D.S.C. Aug. 8, 2018) (§ 2241 petition relying on *Mathis* does not meet savings clause requirement); *Moore v. Kallis*, No. 2:17-CV-109, 2018 WL 3763004, at *2 (N.D.W. Va. Aug. 8, 2018), reconsideration denied, No. 2:17-CV-109, 2018 WL 4171498 (N.D.W. Va. Aug. 29, 2018) (§ 2241 petition dismissed as *Mathis* does not apply retroactively on collateral review); *Gutierrez v. United States*, No. 1:17CV40, 2018 WL 2416585, at *2 (N.D.W. Va. May 29, 2018) (*Mathis* establishes a procedural rule that does not apply retroactively on collateral review); *Richards v. Kallis*, 2018 WL 3596043, at *2 (N.D.W. Va. July 26, 2018) (jurisdictional test announced in *Wheeler* not met where petitioner relied on *Mathis*); *Stewart v. United States*, 2017 WL 2361089, at *5 (D. Md. May 31, 2017) (recognizing that *Mathis* did not announce a new substantive rule applicable to cases on collateral review); *Rahim v. Joyner*, No. CV 9:17-961-JMC-BM, 2017 WL 4179851, at *4 n.4 (D.S.C. July 19, 2017), report and recommendation adopted, No. CV 9:17-00961-JMC, 2017 WL 4168571 (D.S.C. Sept. 20, 2017) (collecting cases).

The Fourth Circuit, in a string of unpublished decisions, has also found that § 2241 petitions which rely on *Mathis* cannot meet the savings clause requirements of § 2255. *See Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018) (unpublished per curiam opinion). In *Brooks,* the Fourth Circuit stated that the *Mathis* decision did not create a substantive change in the law, but merely "reiterated and clarified" then existing law. *Id. see also Muhammad v. Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017)

7

("*Mathis* did not announce a substantive change to the law.") (unpublished per curiam opinion); *Davis v. Andrews*, 727 Fed. App'x 782 (4th Cir. 2018) (finding that a § 2241 petition could not meet the savings clause requirements due to its reliance on *Mathis*) (unpublished per curiam opinion).

As *Mathis* did not create a substantive change in the law, and has not been found to apply retroactively to cases on collateral review, Petitioner's § 2241 petition does not meet the savings clause requirements as established by the Fourth Circuit in *Wheeler*. 886 F.3d at 429. Therefore, Petitioner's Motion for habeas relief is construed as a misfiled § 2255 motion. This Court does not have jurisdiction over Petitioner's § 2255 motion for two reasons. First, a § 2255 petition must be pursued in the "court which imposed the sentence," here the Western District of North Carolina. 28 U.S.C. § 2255(a). Second, as this would be Petitioner's third § 2255 motion, it must be certified in advance by a panel of the appropriate circuit court of appeals before he can file it. 28 U.S.C. § 2255(h); *see also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). Therefore, the undersigned **FINDS** that this Court lacks jurisdiction to consider the motion.

### B. Petition as a § 2255 Motion.

Although the Court lacks jurisdiction to address the merits of Petitioner's motion, the Court may exercise its authority under 28 U.S.C. § 1631 to recharacterize the petition as a motion for pre-filing authorization and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall

8

> proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

For the Fourth Circuit to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of

9

Petitioner's claim, it appears that a transfer is warranted. *Phillips*, 173 F.3d at 610.

To the extent that Petitioner relies on *Mathis*, his claim is without merit because, as explained above, *Mathis* does not create a new substantive right and does not apply retroactively. However, as a pro se litigant, Petitioner's claim is to be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In essence, Petitioner's argument is that his Pennsylvania third-degree murder conviction cannot qualify as a "violent felony" under the ACCA as it can be committed with merely reckless intent. (ECF No. 2 at 3-4). A necessary component of this argument is the 2015 Supreme Court decision, *Johnson v. United States*, in which the Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court concluded that the clause in section (ii), known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court did not, however, strike down the other portions of the violent felony definition, which includes subsection (i), known as the "force clause," and the first part of subsection (ii), delineating specific crimes, known as the "enumerated crimes clause." *Id.* In 2016, the Supreme Court held that the rule announced in *Johnson* was a substantive rule that

applied retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Without the *Johnson* ruling, Petitioner's assertion that his conviction does not meet the force clause of the ACCA would be fruitless as it would almost certainly have qualified as a violent felony under the more inclusive residual clause. Petitioner was convicted before *Johnson* was decided and it is not clear from the record whether his conviction was considered under the, now defunct, residual clause, or under the force clause. However, given the likelihood that his third-degree murder charge was originally considered under the residual clause, his challenge to the validity of his sentence enhancement is probably best understood as relying on the substantive right established in *Johnson.* Seen in this light, Petitioner's attack on the validity of his prior conviction as considered under the force clause is intended to show that there is no remaining basis for his ACCA sentence enhancement. While Petitioner's motion is perhaps inartfully pleaded, its basic contention, that his prior conviction cannot qualify as a categorically violent felony under the force clause, as the ACCA requires that the *intentional* use of force be an element of the crime, is not clearly meritless. At the risk of turning this short "peek" at the merits into something more akin to an extended stare, it is not yet entirely clear whether or not Petitioner's assertion is correct in this circuit.

In 2016, the Supreme Court held that a similar clause in an analogous statute did not require intentional conduct. *Voisine v. United States*, 136 S. Ct. 2272, 2276, (2016). There, the Supreme Court was interpreting § 921(a)(33)(A) which prohibits any person convicted of a misdemeanor domestic assault that necessarily involves the "use … of physical force," from owning a firearm. *Id.* The *Voisine* Court held that

11

misdemeanor convictions which relied on reckless, as opposed to intentional or knowing, conduct triggered the statutory ban and qualified as a conviction that necessarily involved the use of physical force. *Id.* The Supreme Court reasoned that nothing in the term "use" indicated that it should apply exclusively to knowing or intentional assaults. *Id.* at 2278. The *Voisine* Court concluded that "the word 'use' does not demand that the person applying force have the purpose or practical certainty that it will cause harm, as compared with the understanding that it is substantially likely to do so. Or, otherwise said, that word is indifferent as to whether the actor has the mental state of intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct." *Id.* at 2278-2279.

Following this decision, a number of circuit courts have reasoned that the similar language in the force clause of the ACCA and Guidelines, requiring that the crime "has as an element the *use*, attempted use, or threatened use of physical force against the person of another," indicated that the same reasoning should apply to the required *mens rea* for the ACCA. The District of Columbia Court of Appeals recently held that "as long as a defendant's use of force is not accidental or involuntary, it is 'naturally described as an active employment of force,' regardless of whether it is reckless, knowing, or intentional." *United States v. Haight*, 892 F.3d 1271, 1281 (D.C. Cir. 2018) (citations omitted). The *Haight* Court thus concluded, to qualify as a violent felony under the ACCA's use of force clause, the crime may require merely reckless conduct. *Id.* The D.C. Court of Appeals noted that this decision put it in agreement with four other courts of appeals that have addressed this issue either under the Guidelines or the ACCA. *See United States v. Mendez-Henriquez*, 847 F.3d 214, 220-22 (5th Cir. 2017) (Guidelines); *United States v. Verwiebe*, 874 F.3d 258, 262 (6th Cir. 2017)

12

(Guidelines); *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016) (ACCA); *United States v. Pam*, 867 F.3d 1191, 1207-08 (10th Cir. 2017) (ACCA).

Not all courts that have addressed this question agree that the reasoning in *Voisine* should apply in the context of the ACCA. The First Circuit held that the Massachusetts offense of aggravated assault did not satisfy the force clause because while it does require "that the wanton or reckless act be committed intentionally, it does not require that the defendant intend to cause injury." *United States v. Windley*, 864 F.3d 36, 38 (1st Cir. 2017) (internal citations omitted) *see also Bennett v. United States*, No. 1:16-CV-251-GZS, 2016 WL 3676145, at *3 (D. Me. July 6, 2016), aff'd, 868 F.3d 1 (1st Cir. 2017), opinion withdrawn and vacated, 870 F.3d 34 (1st Cir. 2017) (collecting cases).

The Fourth Circuit does not appear to have addressed this question directly. However, it has recently considered whether an involuntary manslaughter conviction could qualify as a violent felony under the ACCA's use of force clause and found that it could not. *See United States v. Middleton*, 883 F.3d 485, 488 (4th Cir. 2018). In *Middleton*, the petitioner was convicted under a South Carolina involuntary manslaughter law which required that the State show the defendant killed another "without malice and unintentionally while the defendant was engaged in either (1) an unlawful activity not amounting to a felony and not naturally tending to cause death or great bodily harm, or (2) a lawful activity with a reckless disregard of the safety of others." 883 F.3d at 489. The Fourth Circuit held the offense swept too broadly to meet the violent felony definition of the ACCA; however, it decided the case based on the "physical force" requirement of the ACCA's force clause, and did not directly address the *mens rea* necessary to qualify as a violent felony under that statute. *Id.* The

13

petitioner in *Middleton* had been convicted after selling alcohol to a minor; the minor later shared it with a friend, and the friend subsequently got in a car accident. *Id.* at 492. The Fourth Circuit reasoned that this type of causation, while permissible for a conviction under the South Carolina manslaughter law, was too "attenuated" to qualify as the use of physical force under the ACCA. *Id.* The *Middleton* Court also found that the offense could be committed using *de minimis* force, and not the violent force required by the ACCA. *Id.* at 490.

In the concurring opinion, Judge Floyd agreed with the majority's holding that the South Carolina manslaughter law did not qualify as a categorically "violent felony" under the ACCA; however, he disagreed with the reasoning used to reach that determination. *Middleton,* 883 F.3d at 493 (Floyd, J., concurring). The concurrence argued that the distinctions the majority drew between *de minimis* force and violent force, and use of force and causation of injury, were not tenable based on recent Fourth Circuit decisions. *Id.* (citing *In re Irby*, 858 F.3d 231 (4th Cir. 2017); *United States v. Reid*, 861 F.3d 523 (4th Cir. 2017)). The concurrence asserted that the "the ACCA force clause requires a higher degree of mens rea than recklessness." *Id.* Because the voluntary manslaughter law could be satisfied by reckless conduct, the concurrence argued, it could not qualify as an ACCA predicate felony and the decision should be decided based on those grounds rather than the "use of force" reasoning employed by the majority. *Id.*

This Court has had occasion to consider whether the "use of force" clause of the ACCA could be satisfied by reckless conduct, or if it requires at least intentional or knowing conduct. *Hensley v. United States*, No. 2:06-CR-00150, 2018 WL 3750981, at *8 (S.D.W. Va. July 19, 2018), report and recommendation adopted, No. 2:06-CR-

14

00150, 2018 WL 3749409 (S.D.W. Va. Aug. 7, 2018). In *Hensley*, the petitioner argued that his West Virginian conviction for wanton endangerment did not satisfy the "use of force" clause of the ACCA. *Id.* at *5. The petitioner asserted that the conviction did not qualify as an ACCA predicate offense both because it could be satisfied by a "broad range" of conduct that did "not involve use or threatened use of physical force," and because it could be satisfied by recklessness, an insufficient *mens rea* under the ACCA. *Id.* The *Hensley* Court held that the wanton endangerment statute did not qualify as a categorically violent felony under the ACCA, however, it appeared to base its decision on the "use of force" required for conviction and did not explicitly address the petitioner's argument that recklessness was an insufficient *mens rea* under the ACCA. *Id.* at *8.

Here, Petitioner argues that his prior conviction for third-degree murder in Pennsylvania does not satisfy the "use of force" clause of the ACCA. (ECF No. 2 at 2). Under Pennsylvania law, to convict a defendant of the offense of third-degree murder, the State need only prove that the defendant killed another person with "malice aforethought." *Com. v. Santos*, 583 Pa. 96, 102, (2005). This can include "circumstances where a defendant did not have an intent to kill, but nevertheless displayed a conscious disregard for 'an unjustified and extremely high risk that his actions *might* cause death or serious bodily harm.'" *Id.* (internal citations and quotations omitted) (emphasis original). Pennsylvania courts have upheld third-degree murder convictions imposed on defendants for conduct such as reckless driving. *Com. v. Taylor*, 461 Pa. 557, 565 (1975) (intoxicated) *see also Com. v. Scales*, 437 Pa. Super. 14, 22 (1994) (speeding ignoring stop signs); *Com. v. Dunphy*, 2011 20 A.3d 1215, 1222 (2011) (intoxicated).

15

Whether or not laws that can punish merely reckless conduct, such as the third-degree murder statute at issue here, qualify as categorically violent felonies under the ACCA is not a matter of settled law in this circuit. Thus, to the extent that Petitioner is challenging his sentence based on the *Johnson* line of cases, and arguing that his sentence enhancement under the ACCA is no longer valid, it appears he has a potentially meritorious case.

### C. Procedural Default

Petitioner argues that he is asserting a right recognized by the Supreme Court in *Mathis v. United States*, but as explained above, his claim is more properly understood as asserting that his sentence is invalid under *Johnson v. United States*. However, to the extent that Petitioner is arguing that his sentence is invalid under *Johnson*, it is potentially time-barred. *Johnson* was decided on June 26, 2015. 135 S. Ct. 2551. It was made retroactive on April 18, 2016. *Welch*, 136 S. Ct. 1257 at 1265. Petitioner did not file his instant § 2241 petition until March 2017. (ECF No. 1).

Title 28 U.S.C. § 2255 establishes a "1–year period of limitation" within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section. That period runs from "the latest" of a number of events delineated in § 2255(f). This case involves subparagraph (3), which provides that the limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court has held that the one-year limitation period for filing a motion to vacate based on § 2255(f)(3), runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively

16

applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). While the Supreme Court recognized the "harsh" results that this ruling would sometimes entail, it found itself bound by the text of the statute. *Id.* at 360.

Here, Petitioner filed his instant petition more than a year after the Court initially recognized the right he is asserting. Thus, to the extent he has a cognizable § 2255 claim under *Johnson*, it is potentially time-barred. However, the Supreme Court has made it clear that habeas petitions are entitled to equitable tolling where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted).

The Fourth Circuit has recognized that the gatekeeping stage is not always the appropriate proceeding at which to determine a petition's timeliness. *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014). In *Vassell*, while the Fourth Circuit did dismiss the petitioner's motion due to its untimeliness, the Court stated that, "[O]ur conclusion does not mean that we always should reach the question of the successive motion's timeliness at the gatekeeping stage. In many cases, the record might not be adequately developed to enable us to resolve disputed factual issues or to determine whether equitable tolling should apply." *Id.* The Fourth Circuit also acknowledged that "it would be inappropriate to deny authorization based on a finding that the successive § 2255 motion would be time-barred without 'accord[ing] the parties fair notice and an opportunity to present their positions' on whether the limitation period has elapsed." *Id.* (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

Here, where this Court is not even weighing the Petition at the gatekeeping stage, and is merely deciding whether the Petition warrants transfer under 28 U.S.C. §

17

1631 it would not be appropriate to dismiss the Petition as utterly frivolous. As set forth above, Petitioner has set out a claim that one of his convictions no longer qualifies under the ACCA that is at least plausible. In 2016, well before the one-year statutory period expired, Petitioner wrote a letter to the Western District of North Carolina, stating that he believed the *Johnson* case applied to him and requested that he be appointed an attorney. *Parham*, 5:08-cr-00051-FDW-DCK-2 at ECF No. 139. There is no indication from the record as to what response, if any, Petitioner received, but it at least tends to show Petitioner was attempting to pursue his rights. Unlike in *Vassell*, Petitioner has not yet had the "opportunity to present" his argument as to why his Petition is not time-barred. 751 F.3d at 271. Therefore, the undersigned **FINDS** that the interest of justice requires Petitioner be given an opportunity to present any such argument to the United States Court of Appeals for the Fourth Circuit.

### III. Proposal and Recommendations

For the forgoing reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF Nos. 1, 2), be **TRANSFERRED** to the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 1631, and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by

mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger and Magistrate Judge Eifert.

    The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner at FCI Williamsburg at Salters, South Carolina and counsel of record.

    **FILED:** October 4, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge